**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INAG, INC., a Nevada corporation,<br><br>and<br><br>MARK H. JONES and SHERYLE L. JONES as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013,<br><br>Plaintiffs,<br><br>v.<br><br>RICHAR, LLC, a Nevada Limited Liability Company,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs INAG, Inc. and Mark H. Jones and Sheryle L. Jones as trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust, through their attorneys, Dickinson Wright PLLC, state as follows for their cause of action against Defendant Richar, LLC:

**NATURE OF THE CASE**

This is a complaint for patent infringement of U.S. Patent No. 7,669,853 under 35 U.S.C. § 271.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and §1338(a) because this action arises under the patent laws of the United States,

1

35 U.S.C. §1 *et seq.* and is a civil action for patent infringement.

2. This Court has personal jurisdiction over Richar based, *inter alia*, upon the following: (i) Richar resides in this State of Nevada and conducts business activity within the State of Nevada (ii) has substantial and continuous contacts within the State of Nevada; and (iii) has committed acts of patent infringement in the State of Nevada that it knew or should have known would cause injury in Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(d). Venue lies in the unofficial Southern division of this Court.

## THE PARTIES

**A.   The Plaintiffs**

4. Plaintiff INAG, Inc. ("INAG") is a Nevada corporation having a principal place of business at 2559 Precision Drive Unit 2, Minden, Nevada 89423.

5. INAG's origins date back to 2000 and it is a developer, manufacturer and distributor of casino table games and related equipment, including for Indian owned casinos.

6. INAG and its predecessor were formed by its President and principal shareholder Mark H. Jones ("Jones").

7. Jones has designed many casino table games and related equipment and has been awarded many U.S. Patents directed to these novel advancements and has other U.S. patent applications pending directed to other developments in casino table games and related equipment.

8. Plaintiffs Jones and his wife Sheryle L. Jones, are the trustees of the "Mark Hamilton Jones and Sheryle Lynn Jones Family Trust Dated November 7, 2013", which is the owner by assignment of United States Patent No. 7,669,853 ("the '853 Patent").

9. The '853 Patent issued on March 2, 2010 for an invention entitled "Card Shuffling Machine". (A copy the '853 Patent is attached as **Exhibit A**.)

10. INAG is a non-exclusive licensee under the '853 Patent.

///

2

**B.     The Defendant**

11.    Defendant Richar, LLC ("Richar"), upon information and belief, is a Nevada limited liability company having its principal place of business at 3641 Saddle Lane, Las Vegas, Nevada 89121.

12.    Richar is engaged, directly or indirectly, in the manufacture, sale, and offer for sale of a table game under the name "Richer Roulette."

13.    Upon information and belief, Richer Roulette includes a rotatable shuffler that includes a plurality of removable numbered cards disposed in slots around a rotating turntable.

14.    Upon information and belief, Richar has sold, and is currently selling or otherwise making available, Richer Roulette to purchasers for use in gambling relating services. Additionally, Richar is providing instructions for Richer Roulette which, when followed, cause the purchasers to practice the method recited in at least Claim 16 of the '853 Patent.

15.    Upon information and belief, Richar has assisted the Agua Caliente Casino Resort and Spa, located at 32-250 Bob Hope Drive, Rancho Mirage, California, with introducing Richer Roulette in the place of INAG's then existing table games on at least two occasions.

16.    Upon information and belief, Richar has produced several videos, uploaded to www.YouTube.com, and identified at least as https://www.youtube.com/watch?v=iWc0OZquY9U and https://www.youtube.com/watch?v=XrXyVuS1yMg, which illustrate the operation of Richer Roulette.

17.    In a letter dated February 3, 2016, Plaintiffs' counsel notified Mr. Richar Fitoussi, the President of Richar, of the existence of '853 Patent. The letter further sought to enter negotiation for a license to use the technology contained in the '853 Patent. (*See* **Exhibit B**.)

18.    Richar's counsel provided a response on February 26, 2016 that denied Richar infringed the '853 Patent. (*See* **Exhibit C**.) Since that time, the Defendant has refused to cease its infringing activities.

/ / /

/ / /

/ / /

# COUNT I

## PATENT INFRINGEMENT

19. Plaintiffs hereby incorporate paragraphs 1 through 18 of its Complaint as though set forth fully herein.

20. The '853 Patent was duly and legally issued by the United States Patent and Trademark Office.

21. The '853 Patent is valid and enforceable.

22. INAG is a non-exclusive licensee under the '853 Patent.

23. Defendant has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the '853 Patent in violation of 35 U.S.C. §271, by making, using, selling, and/or offering for sale, or causing or inducing others to infringe the same in connection with at least its sale and/or distribution of the table game Richer Roulette, which includes the method for a card shuffling device as recited in at least Claim 16 of the '853 Patent.

24. Defendant is directly infringing, either literally or under the doctrine of equivalents, at least Claim 16 of the '853 Patent by producing and uploading videos to www.YouTube.com illustrating the operation of Richer Roulette.

25. Defendant is inducing infringement of at least Claim 16 of the '853 Patent by providing purchasers with instructions for the operation of Richer Roulette which, when followed, cause the purchasers to practice the method recited in at least Claim 16 of the '853 Patent.

26. Upon information and belief, Defendant will continue to directly and/or indirectly infringe the '853 Patent unless and until it is enjoined by this Court.

27. Defendant has caused and will continue to cause Plaintiffs' irreparable injury and damage as a result of its direct and/or indirect infringement of the '853 Patent. Plaintiffs will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Defendant is enjoined from infringing the '853 Patent.

28. Plaintiffs are entitled to injunctive relief under 35 U.S.C. §283.

29.     Plaintiffs are entitled to damages under 35 U.S.C. §284 by virtue of Defendant's infringement of the '853 Patent.

30.     This is an exceptional case warranting an award of attorney's fees to Plaintiffs under 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, INAG, Inc. and Mark H. Jones and Sheryle L. Jones as trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust, pray for the following relief:

1.     An entry of judgment that Defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it, be found to have infringed the '853 Patent directly and indirectly;

2.     An order enjoining, preliminarily and permanently, Defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it, from making, using, selling, offering for sale, or importing into the United States products which infringe the '853 Patent;

3.     An award of damages adequate to compensate Plaintiffs for Defendant's infringement of the '853 Patent;

4.     A post-judgment equitable accounting of damages for the period of infringement of the '853 Patent following the period of damages established by Plaintiffs at trial;

5.     If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

6.     A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

7.     An award of prejudgment interest, costs and disbursements, and attorney fees; and

8.     Such other and further relief as the Court deems Plaintiffs may be entitled to in law and equity.

**JURY DEMAND**

Plaintiff, INAG, Inc. and Mark H. Jones and Sheryle L. Jones as trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust, demand a trial by jury as to all issues so triable.

DATED this 31st day of March 2016.

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ John L. Krieger*
JOHN L. KRIEGER
Nevada Bar No. 6023
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113
Tel: (702) 550-4400
*Attorneys for Plaintiffs*