# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INAG, INC. , | CASE NO. 2:16-cv-00722-RFB-GWF |
| and | |
| MARK H. JONES and SHERYLE L. JONES as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013, | (PROPOSED) STIPULATED PROTECTIVE ORDER |
| Plaintiffs, | |
| v. | |
| RICHAR, INC., | |
| Defendant. | |

Pursuant to Local Patent Rule 1-4, Plaintiffs and Counterclaim Defendants INAG, Inc. ("INAG") and Mark H. Jones and Sheryle L. Jones as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013 ("Trust") (collectively, "Plaintiffs"), by their attorneys, and Defendant and Counterclaim Plaintiff Richar, Inc. ("Richar" or "Defendant"), by their attorneys (together collectively, the "Parties"), hereby stipulate and  request that the following Protective Order be entered by the Court in the above entitled action.

WHEREAS, it is anticipated that the Parties will be producing documents during  the discovery phase of this litigation;

WHEREAS, the discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, that contain sensitive information relating to the Parties' trade secrets, processes, operations, research, know-how or apparatus,

identification of customers, amount or source of income, profits, losses, or expenditures, technical or developmental information, or information concerning the Parties' services, marketing, sales, shipments, purchases, pricing, or transfers;

WHEREAS, the Parties have agreed that the documents that contain sensitive information are so numerous that determining protected status on a document by document basis would unduly interfere with the prompt and efficient disposition of this lawsuit;

WHEREAS, in the ordinary course of their respective businesses the Parties make significant efforts to keep such information confidential from competitors, customers, and the public at large, as disclosure of such information would impair its value or place a party at a competitive disadvantage;

WHEREAS, the exchange of sensitive information between the Parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the Parties and to others;

WHEREAS, the Parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order;

It is therefore ORDERED as follows:

## NATURE OF INFORMATION AND MATERIALS PROTECTED

**1.    Applicability**

The confidentiality provisions of this Order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and any other information that a producing party may designate as confidential in

connection with this action.

2.    **Designation of Confidential Information or Confidential—Attorneys Eyes Only Information**

a.    Any document, portion of document, or other form of evidence or discovery that contains trade secret or other confidential research, development, or commercial information, including sensitive financial information and proprietary technical and business information, maintained as confidential may be designated by the Designating Party as Confidential Information or Confidential—Attorneys Eyes Only Information and shall be subject to the terms and restrictions of this Protective Order.

b.    The term "Designating Party" shall mean any party to this action, as well as any third party to the litigation (including counsel for such third party) who requests the protections provided by this Protective Order, who produces information pursuant to any discovery request.

c.    The term "Receiving Party" shall mean the party hereto who is the recipient of information supplied by a Designating Party.

d.    The term "Confidential Information" means information that the Designating Party deems to constitute trade secrets, confidential research, proprietary technical information, commercial information, business information, financial information, processes, operations, research, know-how, or information concerning the production, marketing, services, shipments, purchases, transfers of the producing party, or other information that is not excepted from this Order by paragraph 2(f) below and the disclosure of which: (i) is likely to have the effect of harming the competitive position of the producing party, or (ii) would violate an obligation of confidentiality to a third person, including a court.

e.    The term "Confidential—Attorneys Eyes Only Information" means information that the Designating Party believes, reasonably and in good faith, meets the qualifications set forth herein,

is not excepted from this Order by paragraph 2(f) below, and: (i) is information of the Designating Party, which, if disclosed to persons described herein, would likely harm the Designating Party's competitive position, which may include sensitive technical (e.g., current or prospective research and development), business or financial information (including, but not limited to, amount or source of any income, profits, losses, or expenditures, sales information, and pricing information), marketing or business plans, the names or other information tending to reveal the identities of a party's present or prospective customers, and the names or other information tending to reveal the identities of a party's suppliers or distributors and further limiting its access to a more restrictive group of persons or (ii) is information owned by another person that the Designating Party is under a contractual or legal obligation to protect from disclosure.

      f.      Information shall be excepted from this Order if: (1) the information was already known to the Receiving Party by lawful means (and was not acquired from someone who unlawfully had or lacked authority to provide the confidential information) prior to acquiring it from, or it being disclosed by, another party in this litigation; (2) the information is or becomes publicly known through no act, omission, or fault of the Receiving Party and the material is not able to be recalled or removed from the public domain (such as by removal of a document from an electronic filing system for re-filing under seal); or (3) the information is rightfully obtained by the Receiving Party from a third-party that has authority to provide such information to the Receiving Party.

      g.      The terms and restrictions of this Protective Order apply not only to those items or things which are expressly designated as Confidential Information or Confidential—Attorneys Eyes Only Information, but also to all copies, abstracts, excerpts, descriptions, analyses and summaries thereof, as well as to testimony and oral conversations that contain or disclose Confidential Information or Confidential—Attorneys Eyes Only Information derived therefrom or related thereto.

h.      The designation of Confidential Information or Confidential—Attorneys Eyes Only Information shall be made at the following times:

    i.   for documents, at the time of the production of the documents;

    ii.   for written responses to interrogatories or requests for admissions, at the time of the written response;

    iii.   for declarations and pleadings, at the time they are filed;

    iv.   for inspection of things or entry upon land or other property, prior to the inspection or entry; and

    v.   for deposition testimony, on record during the deposition or by written notice to all counsel of record within thirty (30) calendar days after receipt by the Designating Party of the deposition transcript. If no such designation has been made, pending the expiration of said thirty (30) days after receipt by the Designating Party of the deposition transcript, all parties shall presumptively treat the deposition transcript as Confidential-Attorneys Eyes Only Information. If no portions of the transcript are designated as Confidential Information or Confidential-Attorneys Eyes Only Information by any party on record during the deposition or by written notice to all counsel of record within said thirty (30) days, the transcript shall be considered to not be designated as Confidential or Confidential-Attorneys Eyes Only Information. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" if written notice is provided within said thirty (30) days. With regard to designations of Confidential Information made during

the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, counsel for named parties, the court reporter, and such other persons bound by this Protective Order who are permitted access to Confidential Information, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential Information under this Protective Order. With regard to designations of Confidential—Attorneys Eyes Only Information made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, counsel for named parties, the court reporter, and such other persons bound by this Protective Order who are permitted access to Confidential-Attorneys Eyes Only Information, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential-Attorneys Eyes Only Information under this Protective Order.

i.       The designation of Confidential Information or Confidential—Attorneys Eyes Only Information shall be made in the following manner : (i) for documents, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on each page of such document; (ii) for tangible objects, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the object or the container therefor, or if not practicable, as otherwise agreed; (iii) for written responses to written interrogatories or requests for admissions, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in the relevant responses and on the face of   any   such   responses; (iv) for declarations or pleadings, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the face or title page of the document; (v) for inspection of things or entry upon

land or other property, by stating in writing that Confidential Information or Confidential-Attorneys Eyes Only Information will be disclosed by the inspection or entry and specifying in writing those parts of the things or those areas of the premises in which such information will be revealed, and (vi) for electronic files produced in native format, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the disk or other storage media containing the electronic files. With respect to electronic files produced in native format, the Confidential or Confidential—Attorneys Eyes Only designations apply to the files in their entirety, including all content and any metadata. A Designating Party producing information from its own files for inspection and selection for copying by a Receiving Party has the right to require that the Receiving Party, during the course of the inspection and selection process, treat all such documents and materials made available during the inspection as Confidential—Attorney Eyes Only Information until such time the documents and materials selected for production may be reviewed by the Designating Party and individually designated pursuant to subsection (i) and (ii) of this section.

j.      It shall be the duty of the party seeking protection of Confidential Information or Confidential—Attorneys Eyes Only Information to indicate to the other party and its attorney of record which of the materials and testimony are considered Confidential Information or Confidential-Attorneys Eyes Only Information.

k.      Each party retains the right to subsequently redesignate documents it has produced and to require such documents to be treated in accord with such designations from that time forward. Upon redesignation of any document to a higher level of confidentiality as Confidential Information or Confidential-Attorneys Eyes Only Information, the Receiving Party shall take reasonable efforts to secure the return of the redesignated document from unqualified persons as described herein, and if data or information has been extracted or copies from a redesignated document by an unqualified

person, that information or data shall be expunged and not used by the unqualified person.

## RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

**3.      Access to Confidential Information**

Access to documents, testimony or other materials designated "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

a.      Counsel of record for any party who is assisting in this Action (including other law firm attorneys, and law firm personnel such as necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel);

b.      In-house counsel (including in-house clerical staff) ;

c.      Organizations retained by the attorneys to provide litigation support services in this action;

d.      Outside independent experts and consultants, not employed by the receiving party, but retained by that party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial such as an accountant, statistician, economist, technical consultant or other technical expert in so far as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants.

e.      Designated employees of each party who are required in good faith to assist in the conduct of the litigation, provided that the individuals first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, and that those affidavits are served on the Designating Party seven (7) business days before any disclosure is made;

f.      Court reporters and videotape technicians employed in depositions in this action;

g.      The Court and its personnel; and

h.     Such other person as hereafter may be designated by written agreement in this Action or by Order of the Court.

**4.     Access to Confidential--Attorneys Eyes Only Information**

Access to information designated "ATTORNEYS EYES ONLY" shall be limited to, and only to, those persons listed in paragraphs 3(a), 3(c), 3(d), 3(f) through 3(h)

**5.     Disclosure to Experts**

Each independent expert and consultant referred to in paragraph 3(d) of this Protective Order to whom Confidential Information or Confidential-Attorneys Eyes Only Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order.

At least five (5) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating Confidential Information or Confidential-Attorneys Eyes Only Information to any expert or consultant , the Receiving Party shall deliver to the Designating Party a copy of the affidavit signed by the person to whom Confidential Information or Confidential-Attorneys Eyes Only Information is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office address, (iii) present employer, (iv) a brief job history listing all employment and engagements for the past three years, or (v) copy of expert's curriculum vitae.

The Designating Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after service of the affidavit by stating specifically in writing the reasons why that party believes such person should not receive Confidential Information or Confidential-Attorneys Eyes Only Information.

In the event of such an objection, no disclosure of Confidential Information or Confidential-Attorneys Eyes Only Information shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert or consultant, or be made only under certain conditions. The objecting party shall have the burden of establishing grounds for barring the disclosure. The objecting party shall seek to have any such motion set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties. If no such motion is made in such time and manner, Confidential Information or Confidential-Attorneys Eyes Only Information may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information or Confidential-Attorneys Eyes Only Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

**6.      Disclosure to Certain Persons Associated with Producing Party**

Nothing in this Order shall preclude any party to the lawsuit or their attorneys from showing a document designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" to an     individual employed by the producing party who prepared or reviewed or received the document prior to the filing of this action.

**7.      No Waiver of Right or Obligation to Object to Production**

Nothing contained in this Order shall be construed as a waiver by any party of its

right to object to the subject matter of any request for production of documents in this action, or as a waiver by any other party of the first party's obligation to make proper responses to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

**8.      Requests for Additional Protection**

This Order shall be without prejudice to the right of the Parties to request additional protection under Federal Rule of Civil Procedure 26(c) for discovery requests made hereafter by any party.

**9.      Future Representation by Counsel**

It is not the intent of the Parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to Confidential Information or Confidential-Attorneys Eyes Only Information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge or access.

## USE OF CONFIDENTIAL INFORMATION OR CONFIDENTIAL-ATTORNEYS EYES ONLY INFORMATION

**10.      Generally**

Confidential Information or Confidential—Attorneys Eyes Only Information disclosed pursuant to this Protective Order shall be held in confidence by each person to whom it is disclosed. Confidential Information or Confidential-Attorneys Eyes Only Information shall be used only for purposes of this action; it shall not be used for any

competitive commercial business, research, development and/or patent prosecution purpose.

**11.    In Conduct of This Action**

a.      Confidential Information or Confidential—Attorneys Eyes Only Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information or Confidential-Attorneys Eyes Only Information is protected pursuant to the terms and conditions of this Protective Order.

b.      Confidential Information or Confidential-Attorneys Eyes Only Information may be disclosed to a witness not already allowed access to such information under this Protective Order only if:

      i.   the Confidential Information or Confidential—Attorneys Eyes Only Information was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee;

      ii.  the Confidential Information or Confidential—Attorneys Eyes Only Information was produced by or obtained from the witness or from an entity for whom the witness is or was a director, officer, employee, consultant or agent;

      iii. counsel for the party designating the material as Confidential Information or Confidential-Attorneys Eyes Only Information agrees that the material may be disclosed to the witness; or

      iv.  upon order of the Court for good cause shown.

Notwithstanding, the Confidential Information or Confidential—Attorneys Eyes Only Information will retain its designation for all purposes.

c.      If the Confidential Information or Confidential—Attorneys Eyes Only

Information is used in any deposition, then, at the option of the Designating Party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as Confidential Information or Confidential-Attorneys Eyes Only Information. In the event of disclosure under this paragraph, only the court reporter, videographer , deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information or Confidential-Attorneys Eyes Only Information. Disclosure of Confidential Information or Confidential-Attorneys Eyes Only Information pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

d.    A party is free to do whatever it desires with its own Confidential Information or Confidential-Attorneys Eyes Only Information.

**12.    No Waiver**

This Protective Order is intended to provide a mechanism for the handling of Confidential Information and Confidential-Attorneys Eyes Only Information in this action. Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, nor any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to seek confidentiality protections greater than those provided for in this order, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party.

13

**13.      Subpoena from Third Parties**

In the event any party or nonparty having possession, custody or control of any Confidential Information or Confidential-Attorneys Eyes Only Information receives a subpoena or other process or order to produce such information from a third party, such party or nonparty shall notify the attorneys of record of the Designating Party of the Confidential Information or Confidential-Attorneys Eyes Only Information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party or nonparty claiming such confidential treatment. The party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The party or person receiving the subpoena or other process or order will not produce Confidential Information or Confidential—Attorneys Eyes Only Information so long as any motion or proceeding initiated to bar disclosure is pending.

## FILING CONFIDENTIAL INFORMATION WITH THE COURT

**14.      Filing Under Seal**

Papers filed with the Court containing Confidential Information or Confidential—Attorneys Eyes Only Information may be filed under seal and need not be accompanied by a motion for leave to file those documents under seal. The burden of proving that such papers should remain under seal shall fall on the party seeking to keep them confidential. Such filings shall be made in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to this Protective Order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."

The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as confidential that is so filed in this litigation. All papers filed under seal will remain sealed until such time as the Court may enter an order to unseal them. If the Court questions whether to maintain the filing under seal, the burden of proving that such papers should remain under seal shall fall on the party who designated the information Confidential Information or Confidential—Attorneys Eyes Only Information.

## INADVERTENT PRODUCTION, DESIGNATION, OR DISCLOSURE

**15.   Privileged Material**

The production of any document governed by this Protective Order shall be without prejudice to any claim by the producing party or non-party that any such document, or information contained in such document, is privileged or work product, and no party or non-party shall be held to have waived any of its privilege or work-product rights by such production. If, after documents have been produced, a claim of privilege or work-product protection is made in writing or verbally, followed by a writing documenting the claim of privilege, to each party to which the documents were produced, each such receiving party shall take reasonable steps to ensure that all copies of those documents are returned promptly to the producing party and not used for any purpose. If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used.

**16.   Inadvertent Failure to Designate or Incorrect Designation**

Any party or third party who inadvertently fails to designate information as Confidential Information or Confidential-Attorneys Eyes Only Information, or otherwise wishes to change the designation of confidentiality under this Protective

Order, may later do so, and such document/information shall be treated by the Receiving Party as being so designated as Confidential Information or Confidential-Attorneys Eyes Only Information from the time the Receiving Party is notified in writing of the inadvertent designation. The parties agree that the inadvertent disclosure of Confidential Information or Confidential-Attorneys Eyes Only Information by the Designating Party in producing discovery to the Receiving Party, regardless of whether the information was designated as Confidential Information or Confidential Attorneys Eyes Only Information at the time of disclosure, shall not be treated as a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and shall not exempt it from the provisions of this Protective Order where notice has otherwise been given that it is Confidential Information or Confidential-Attorneys Eyes Only Information.

**17.     Inadvertent Disclosure**

In the event of any accidental or inadvertent disclosure of Confidential Information or Confidential-Attorneys Eyes Only Information, other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Confidential Information or Confidential-Attorneys Eyes Only Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information or Confidential-Attorneys Eyes Only Information in any form. Compliance with the forgoing shall    not prevent the Designating Party from seeking further relief from the Court.

18. **Resolution of Disputes Regarding Designation of Confidential Information or Confidential—Attorneys Eyes Only Information**

a.      In the event that any party takes issue with a designation of Confidential Information or Confidential-Attorneys Eyes Only Information, such party shall so inform the other parties to this lawsuit in writing, and all parties shall make good faith efforts to resolve such dispute.

b.      In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information or Confidential—Attorneys Eyes Only Information within fifteen (15) business days from the date the written notice of the dispute was mailed, the party disputing the designation may, by noticed motion, raise such issue with the Court. The party claiming confidentiality shall bear the burden of establishing that the information is in fact confidential.

c.      A challenge to the propriety of a confidential designation may be made at any time.

**MISCELLANEOUS PROVISIONS**

19. **Termination of Litigation**

Within sixty (60) days of receipt of written notice of the final disposition of this action and all related actions, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, the attorneys of record:

a.      Shall certify to the Designating Party, or its attorney of record, that they have destroyed the Confidential Information or Confidential—Attorneys Eyes Only Information subject to this Protective Order in their possession, custody or control or in the possession, custody or control of their staff, including all copies of such

17

Confidential Information or Confidential—Attorneys Eyes Only Information which may have been made, except that counsel for a party may keep a copy of such Confidential Information or Confidential—Attorneys Eyes Only Information used in pleadings, trial materials, attorney work product or deposition exhibits as part of counsel's records of the litigation;

b.     Shall insure that all the Confidential Information or Confidential—Attorneys Eyes Only Information in the possession, custody or control of their experts and consultants, is certified as destroyed; and

c.     Shall deliver to the Designating Party, or its attorneys of record, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the Designating Party may make application to the Court for such further order as may be appropriate.

**20.     Modification of This Protective Order**

In the event any party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

**21.     Enforcement of This Protective Order**

This Protective Order shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by order of the Court. This Protective Order shall survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action, unless this Order is vacated.

**22.     Violation of This Protective Order**

In the event any person or party shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

**23.     Counsel Rendering Advice to Their Clients**

Nothing in this Stipulation and Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated as Confidential Information or Confidential—Attorneys Eyes Only Information, provided however, that in rendering such advice counsel shall not disclose, reveal or describe the content of any material so designated

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

except insofar as allowed under the terms of this Protective Order.

STIPULATED AND AGREED to this 28th day of October 2016.

DICKINSON WRIGHT PLLC

*/s/Franklin M. Smith*
FRANKLIN M. SMITH (admitted pro hac vice)
Michigan Bar No. P76987
2600 West Big Beaver Rd., Suite 300
Troy, MI 48084
Tel: (248) 433-7200

JOHN L. KRIEGER
Nevada Bar No. 6023
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113
Tel: (702) 550-4400
*Counsel for Plaintiffs*

GREENBERG TRAURIG, LLP

By: */s/ Tyler R. Andrews*
TYLER R. ANDREWS, ESQ.
Nevada Bar No. 9499
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendant/Counterclaimant*

IT IS SO ORDERED

_George Foley Jr._
UNITED STATES MAGISTRATE JUDGE

DATED: October 31, 2016

# EXHIBIT A

## INAG, INC.
v.
## MARK H. JONES, et al
## Case No:  2:16-cv-00722-RFB-GWF

## UNDERTAKING PURSUANT
## TO
## AGREED UPON
## PROTECTIVE ORDER

# EXHIBIT A

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

INAG, INC.,

              and

MARK H. JONES and SHERYLE L. JONES as
Trustees of the Mark Hamilton Jones and Sheryle
Lynn Jones Family Trust U/A/D November 7,
2013,

              Plaintiffs,

v.

RICHAR, INC.,

              Defendant.

CASE NO. 2:16-cv-00722-RFB-GWF

**UNDERTAKING PURSUANT TO
AGREED UPON PROTECTIVE ORDER**

I, _____, declare that:

    1.    My address is _____, and the address of my present employer is _____.

    2.    My present occupation or job description is _____.

    3.    In addition to my other job functions, I am working as a consultant to _____.

    4.    My relationship to Plaintiff/Defendants is _____.

    5.    I have received a copy of the Protective Order (the "Protective Order") in this action.

    6.    I have carefully read and understood the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents

of any Confidential Information or Confidential—Attorneys Eyes Only Information received under the protection of the Protective Order except as permitted under the Protective Order.

7.       I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information or Confidential—Attorneys Eyes Only Information in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all Confidential Information or Confidential—Attorneys Eyes Only Information which comes into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _____, on _____, 201___.


_____

[SIGNATURE]

BLOOMFIELD 35761-72 1710478v3