UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INAG, INC., a Nevada corporation, and MARK H. JONES and SHERYLE L. JONES as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013,<br><br>Plaintiffs,<br><br>v.<br><br>RICHAR, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:16-cv-00722-JAD-EJY<br><br>**ORDER** |

Pending Before the Court is Plaintiffs' Motion for Leave to File Under Seal Exhibits 3, 12, and 14 to Plaintiffs' Motion for Summary Judgment (ECF No. 98). No response to this Motion was filed.

As explained in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), courts generally recognize a "right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). This right is justified by the interest of citizens who "keep a watchful eye on the workings of public agencies." *Id*. A party seeking to file a document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana*. A party seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* If a sealing order is permitted, it must be narrowly tailored. *Press–Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). When a document is attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force . . .." *Kamakana*, 447 F.3d at 1179 (citation omitted). "Thus a particularized showing, under the good cause standard of Rule 26(c), will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (citations, quotation marks and brackets omitted).

The documents at issue here are attached to a dispositive motion (a motion for summary judgment). Thus, there must be a compelling reason to maintain the secrecy of these documents. However, as explained by the Ninth Circuit, the "presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz v. state Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th. Cir. 2003) (internal citation omitted). Plaintiffs' Motion offers no argument in favor of sealing 216 pages of documents other than these documents were produced by Defendant with an "Attorneys Eyes Only" designation established pursuant to the Stipulated Protective Order (ECF No. 28). As Plaintiffs point out, they are not the parties seeking to maintain the secrecy of these exhibits. Rather, it is Defendant who seeks to do so and, therefore, it is Defendant's obligation to justify the request to seal. Defendant has submitted nothing to the Court establishing a basis for the secrecy of the document, which the Court reviewed. The Court notes that, other than a handful of pages, the Court could not identify anything in any of the documents that required the secrecy Defendant apparently seeks.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Under Seal Exhibits 3, 12, and 14 to Plaintiffs' Motion for Summary Judgment (ECF No. 98) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant shall have fourteen (14) days from the date of this Order to file a memorandum with the Court providing the Court with the compelling reason(s) any or all of Exhibits 3, 12, and 14 should be sealed.

IT IS FURTHER ORDERED that Exhibits 3, 12, and 14 to Plaintiffs' Motion for Summary Judgment (ECF No. 95) shall remain sealed until the Court issues a further order.

Dated this 23rd day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2