UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| INAG, INC., | Case No. 2:16-cv-00722-RFB-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| RICHAR, LLC, | |
| Defendant. | |

Pending before this Court are Plaintiff's Motion to Strike the Expert Report of Stacy Friedman (ECF No. 99) and Defendant's Motion for Leave to Amend Invalidity Contentions (ECF No. 103). The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 101), and Plaintiff's Reply (ECF No. 106), as well as Defendant's Motion, Plaintiff's Response (ECF No. 107), Defendant's Reply (ECF No. 114), and all exhibits attached therein. The Court finds as follows.

**I.    BACKGROUND**

Plaintiff filed this patent infringement case in March 2016, contending that Defendant's card-style roulette wheel violated Plaintiff's U.S. Patent No. 7,669,853 ("Plaintiff's Patent"). ECF No. 1. Pursuant to the District of Nevada's Local Patent Rules and the scheduling order entered by Judge Foley (Ret.), Plaintiff filed its Infringement Contentions on November 4, 2016, and Defendant filed its Non-Infringement, Invalidity, and Unenforceability Contentions on December 8, 2016. ECF No 99-3. On January 31, 2017, Defendant served Supplemental Contentions.[1] ECF No. 99-4. In relevant part, Defendant's Contentions identified two invalidity arguments: (1) the combination of U.S. Patent 5,536, 838 to Caro, et al., ("Caro") and U.S. Patent 3,841,637 to Piazza ("Piazza") rendered Plaintiff's patent obvious, and therefore invalid pursuant to 35 U.S.C. § 103; and (2) the combination of Caro, Piazza, and U.S. Patent No. 6,616,530 to Pearce, et al ("Pearce") also rendered

---

[1] When the Court refers to Defendant's "Contentions" throughout this Order, it refers to the Supplemental Contentions, which contain and expand on Defendant's original Contentions.

Plaintiff's patent obvious and therefore invalid. *Id.* Judge Boulware held a *Markman* hearing to hear the parties' disputes as to claim construction on July 30, 2018. ECF No. 73. Before and after the *Markman* hearing, the parties filed extensive briefings on claim construction. *See* ECF Nos. 58, 61, 64, 71, 72, 74, 80.

On October 7, 2019, Defendant filed a request for *Ex Parte* Reexamination of Plaintiff's Patent with the United States Patent and Trademark Office ("USPTO"). *See* ECF No. 101-1. Defendant's request relied on a "bonus wheel" used in the television game show Wheel of Fortune (the "Bonus Wheel"). Defendant contended that the Bonus Wheel, singularly or in combination with Caro and Pearce, rendered a number of Plaintiff's Patent claims obvious or anticipated.[2] *Id.* at 18-28. None of these claims, nor any mention of the Bonus Wheel, were included in Defendant's Contentions. On November 1, 2019, the USPTO ordered reexamination. ECF No. 99-6. However, the USPTO declined to consider the Bonus Wheel references as prior art, stating that the Bonus Wheel "was determined not to qualify as a printed publication that is dated prior to" Plaintiff's Patent. ECF No. 99-7 at 5–6; *see also* ECF No. 99-6 at 7–8 (USPTO's "Order Granting Request for *Ex Parte* Reexamination") (explaining why the USPTO would not consider the Bonus Wheel). On February 5, 2020, the USPTO issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate, providing that the USPTO intended to confirm all patent claims subject to the Reexamination Request. ECF No. 99-7. On March 2, 2020, the USPTO issued an *Ex Parte* Reexamination Certificate, confirming the Patent's patentability. ECF No. 99-8.

On July 16, 2020, Judge Boulware entered a Claim Construction Order pursuant to LPR 1-17. After the Claim Construction Order was entered, Plaintiff's counsel contacted Defendant's to schedule a meet and confer "to address claims, prior art references, and amendments, if any." ECF No. 106-2 at 2. Following that meet and confer, Defendant did not supplement its Contentions, which it could have done as a matter of right up to 30 days after entry of the Claim Construction Order. *See* LPR 18-1a.

---

[2] Specifically, the Reexamination Request argued: (1) the Bonus Wheel anticipates Claims 1, 3, and 10 of Plaintiff's Patent; (2) The Bonus Wheel renders obvious Claims 1, 3, and 10 of Plaintiff's Patent; (3) the Bonus Wheel, in combination with Caro, renders obvious Claim 16 of Plaintiff's Patent; and (4) The Bonus Wheel, in combination with Caro and Pearce, renders obvious Claim 17 of Plaintiff's Patent. ECF No. 101-1 at 18-28.

On October 1, 2020, Defendant served its Expert Report of Stacy Friedman (the "Friedman Report"). ECF No. 99-9. On November 2, 2020, Plaintiff filed the instant Motion to Strike Friedman's Report in its entirety. ECF No. 99. The Report includes the following opinions related to the Bonus Wheel that Plaintiff claims were not properly disclosed in Defendant's Invalidity Contentions:

- The Bonus Wheel anticipates Claims 1 and 10;
- The Bonus Wheel renders obvious Claims 1 and 10;
- The Bonus Wheel renders obvious Claims 16 and 17;
- The Bonus Wheel, in combination with Piazza, renders obvious Claims 1 and 10;
- The Bonus Wheel, in combination with Caro, renders obvious Claims 1 and 10;
- The Bonus Wheel, in combination with Caro and Pearce, renders obvious Claim 17.

ECF No. 99-9 at 53–86.

The Friedman Report also relies upon numerous prior art references in its "Background to the Technology" section that Plaintiff contends were not mentioned in Defendant's Contentions.[3] Further, Friedman's Report opines that the asserted claims are invalid under 35 U.S.C. § 112(1) for lack of written description and enablement, and under 35 U.S.C. § 112(2) as indefinite. ECF No. 99-9 at 39–44. Plaintiff contends that those invalidity theories were also excluded from Defendant's Contentions. In short, Plaintiff contends that every opinion Friedman presents relies on theories not previously disclosed in Defendant's Contentions, and therefore asks that the entirety of the Report be stricken.

In response, Defendant filed a Motion for Leave to Amend its Invalidity Contentions. ECF No. 103. In its attached proposed Amended Contentions, Defendant omitted all its previous Invalidity Contentions relying solely on Caro, Piazza, and Pearce, and substituted the following:

- The Bonus Wheel anticipates Claims 1 and 10;
- The Bonus Wheel renders obvious Claims 16 and 17;

---

[3] These references include: Scarne's New Complete Guide to Gambling; European Patent 1 461 128 to Richard Cammegh; European Patent 0 269 331; Australian Patent Application No. 2003215443; U.S. Patent 3, 141,674 to Hoffman; The Big Six Wheel; the Money Wheel; U.S. Patent Application 2005/0199159 to Searer; and "California Roulette and California Craps as House-Banked Card Games." ECF No. 99 at 4; ECF No. 99-9 at 28–39.

3

- The Bonus Wheel in combination with Piazza renders obvious Claims 1 and 10;
- The Bonus Wheel in combination with Caro renders obvious Claims 16 and 17;
- The Bonus Wheel in combination with Caro and Pearce renders obvious Claim 17.

ECF No. 103-1.

Plaintiff contends that Defendant's proposed Amended Contentions also seek to expand its non-infringement contentions by disputing terms and claim features it did not dispute previously.[4] Defendant's proposed Amended Contentions do not include the new theories of indefiniteness, lack of written description, or enablement that are contained in the Friedman Report.

Plaintiff served a rebuttal expert report addressing the new theories in Friedman's Report. ECF No. 116-12. The parties moved for summary judgment. ECF Nos. 95, 116. In relevant part, Defendant's Motion for Summary Judgment argues that the Bonus Wheel anticipates Claims 1 and 10, the Bonus Wheel combined with Caro renders obvious claim 16, and the Bonus Wheel combined with Caro and Pearce renders obvious Claim 17. ECF No. 116 at 17-29.

**II.    RELEVANT LAW**

The District of Nevada's Local Patent Rules require the detailed disclosure of asserted claims and infringement contentions. Like similar patent rules throughout the country, the Local Patent Rules "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l*, No. C 03-1431 SBA, 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006) (internal quotations omitted);[5] *accord O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The rules . . . seek to balance the right to develop new information in discovery with

---

[4] Plaintiff contends that the proposed Contentions now seek to dispute claim features including "a stationary base for establishing a generally vertical central axis" and "radially outermost stop" that were not disputed in its original Contentions. Plaintiff further points to Friedman's opinions regarding the construction of the word "singulate"—a term that Defendant never disputed in the hearings and many briefings on claim construction before Judge Boulware.

[5] The Local Patent Rules for the District of Nevada at issue here are almost identical to the local patent rules adopted by the Northern District of California and the Eastern District of Texas. Accordingly, this Court considers opinions by Courts of the Northern District of California and the Eastern District of Texas concerning its own local patent rules as persuasive. *See Silver State Intellectual Technologies, Inc. v. Garmin Intern., Inc.*, 32 F. Supp. 3d 1155, 1162–63 (D. Nev. 2014) (recognizing the similar designs of the District of Nevada's and Northern District of California's local patent rules); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 897 n.1 (E.D. Tex. 2006) ("The local patent rules for the Eastern District of Texas were modeled after the local patent rules adopted by the Northern District of California.").

4

the need for certainty as to the legal theories.").[6] "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts [under Nevada's Local Patent Rules] is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction." *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002) (citation omitted) (interpreting the Northern District of California's similar patent rules).

In relevant part, Local Patent Rule 1-8 provides:

> Within 45 days after service of the Infringement Contentions, each party opposing a claim of patent infringement must serve on all other parties Non-Infringement, Invalidity, and Unenforceability Contentions that must include:
>
> (a) A detailed description of the factual and legal grounds for contentions of non-infringement, if any, including a clear identification of each limitation of each asserted claim alleged not to be present in the Accused Instrumentality;
>
> (b) A detailed description of the factual and legal grounds for contentions of invalidity, if any, including an identification of the prior art relief upon and where in the prior art each element of each asserted claim is found . . . . Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher . . . ;
>
> (c) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification or any combinations or prior art showing obviousness;
>
> (d) A chart identifying specifically where in each alleged item of prior art each limitation of each asserted claim is found . . . ;
>
> (e) A detailed statement of any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) … or failure of enablement, best mode, or written description requirements under 35 U.S.C. § 112(1) . . . .

LPR 1-8.

Parties may amend their disclosures without seeking leave of court within 30 days of a Court's Claim Construction Order. LPR 1-18a. Otherwise, "no other amendments to disclosures may be made . . . absent a showing of good cause." LPR 1-12. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) material changes to the other party's contentions; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the

---

[6] The Federal Circuit governs interpretation and applicability of local patent rules. *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006).

Accused Instrumentality despite earlier diligent search." *Id*. "The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id*.

LPR 1-12's good cause standard requires the party seeking amendment to establish it acted diligently. *O2 Micro Int'l Ltd.*, 467 F.3d at 1366; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding, in a similar context, that the good cause standard "primarily considers the diligence of the party seeking the amendment"). If the party seeking amendment was not diligent, the Court need not determine whether the amendment would prejudice the opposing party. *See O2 Micro Int'l Ltd.*, 467 F.3d at 1368.[7]

The Local Patent Rules do not specify the consequences for a party's noncompliance with their disclosure requirements. However, as the Federal Circuit has observed, "the rules are essentially a series of case management orders . . . [and] [t]he Court may impose any 'just' sanction for the failure to obey a scheduling order . . . ." *O2 Micro Int'l Ltd.*, 467 F.3d at 1363 (internal citations and quotations omitted). "The Ninth Circuit and [the Federal Circuit] have concluded that the exclusion of evidence is often the appropriate sanction for the failure to comply with [case management] deadlines." *Id.* at 1369 (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (finding no abuse of discretion in exclusion of evidence pertaining to theories of claim construction and infringement not disclosed as required by the local patent rules and the court's scheduling order); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005 ) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.")). Consequently, the Federal Circuit has determined that District Courts may rely on local patent rules to exclude new contentions based on theories that were not raised in a defendant's initial contentions. *See id.* at 1369. "Although the result may seem harsh," the Federal Circuit generally finds no abuse of discretion when a district court applies "its rather clearly stated rule." *Howmedia Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1324 (Fed. Cir. 2016).

---

[7] Some courts, however, include prejudice in their analysis. *See, e.g., Silver State*, 32 F. Supp. 3d at 1162 ("[T]he Court considers whether the opposing party would be unfairly prejudiced by "eleventh-hour alterations."); *Fresenius*, 2006 WL 1329997, at *7 (denying motion to strike untimely contentions that were specifically and repeatedly disclosed in other discovery because the opposing party "does not appear to have been prejudiced by [movant's] technical failure to comply with the Local Rules.")

      Many Courts have extended this reasoning to grant motions to strike or motions in limine to exclude expert reports that opine on prior art references, combinations, or theories omitted from invalidity contentions.  *See*, *e.g.*, *Server Tech., Inc. v. Am. Power Conversion Corp.,* No. 3:06-cv-00698-LRH, 2014 WL 1308617, at *5 (D. Nev. Mar. 31, 2014) (granting motion in limine to exclude prior art references during trial where defendant failed to disclose the references in its invalidity contentions); *Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*, 112 F. Supp. 3d 330, 335 (D. Md. 2015) (granting motion in limine to exclude expert reliance on undisclosed theories, explaining that an expert's report "may not present theories on combinations of prior art or references within the prior art not previously disclosed"); *Fastek, LLC v. Steco*, No. 10-cv-972-MMA-CAB, 2011 WL 4499101, at *1 (S.D. Cal. Sept. 27, 2011) (granting motion to strike portions of expert report that relied on undisclosed invalidity theories, noting that plaintiff "was entitled to know all the art, and in what combinations, [defendant] would be relying upon for its invalidity analysis in [defendant's] final invalidity contentions"); *AVNET, Inc. v. MOTIO, Inc.,* No. 2 C 2100, 2016 WL 3365430, at *5 (N.D. Ill. June 15, 2016) ("It would turn the local rule on its head to allow a defendant to withhold prior art references from its final invalidity contentions, only to spring them on the plaintiff in the defense expert report."); *Life Tech. Corp. v. Biosearch Tech., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012) (striking portions of expert report that opined on theories that were not disclosed with the specificity required by local patent rules).

      Courts are more split on whether prior art references labelled as "background" or "context" information must be struck from expert reports if they were not disclosed in timely contentions. *Compare Verinata Health, Inc. v. Sequenom, Inc.*, No C 12-00865 SI, 2014 WL 4100638, at *5 (N.D. Cal. Aug. 20, 2014) (finding that "[s]everal courts in [the Northern District of California] have declined to strike from an expert report an undisclosed reference if the reference is only being used as background material" and collecting cases), *with Life Tech.*, 2012 WL 4097740, at *2 (noting that some courts have rejected prior art references used as "background" as "attempts to elude patent local rules") *and Pactiv Corp. v. Multisorb Tech., Inc.*, No. 10c461, 2013 WL 2384249, at *2 (N.D.

Ill. May 29, 2013) (striking prior art references introduced as background, reasoning, "[i]f these new materials are not prior art, not necessary references, and not something that their expert relied upon, then there is truly no reason for them to be in the Report").

**III.    ANALYSIS**

    A.    <u>Defendant's Motion to Amend Contentions is Denied</u>.

The Court starts its analysis by determining whether Defendant was diligent in amending its contentions in this case. Defendant knew the specifics of its contentions relying on the Bonus Wheel at least as early as October 2019, when it filed a reexamination request with the USPTO. Defendant again evinced its general intention to "raise the [Bonus Wheel] prior art…to invalidate the [] Patent through summary judgment…" in an objection to the Court in April 2020. ECF No. 79. Throughout the summer of 2020, Defendant disclosed bits and pieces of information related to the Bonus Wheel.[8] However, what the Defendant did not do in the year between filing the USPTO request and serving the Friedman Report, is seek leave to amend its contentions pursuant to LPR 1-12 or LPR 1-18a.

Defendant does not adequately explain what kept it from doing so. Defendant contends that the case was "on ice" between July 30, 2018, when the *Markman* Hearing in this case was held, and July 16, 2020, when Judge Boulware issued the Claim Construction Order. ECF No. 103 at 5. Defendant does not satisfactorily explain why that pause would prevent it from seeking leave to amend. But even if Defendant could show it was reasonable to wait until the Claim Construction

---

[8] In July, 2020, Defendant responded to discovery requests related to prior art with video links to footage of the Bonus Wheel. ECF No. 101-3. In August, Defendant claims the Bonus Wheel was introduced as a primary invalidity argument at the Post-Settlement Construction Settlement Conference. ECF No. 114 at 2 (citing ECF No. 89). Also in August, Defendant served supplemental discovery responses which, it contends, "disclose[d] specific evidence of [Bonus Wheel] prior art in response to requests to identify evidence of 'prior art,' 'obviousness,' and 'unenforceability.'" ECF No. 114 at 2 (citing ECF No. 114-2). It also served supplemental Rule 26(a) disclosures identifying as witnesses those in possession of information related to the Bonus Wheel for the specific purpose of introducing the Bonus Wheel prior art "as identified and discussed in [the USPTO request]." *Id.* (citing ECF No. 114-3). Defendant also contends that lines of inquiry at the patent-holder's deposition (which was held on the last day of fact discovery and consisted of questioning based on blurry pictures of the Bonus Wheel that the patent-holder claimed he had never seen before) provided notice of Defendant's intent to rely on the Bonus Wheel. *Id.*; *see also* ECF No. 101-4 (Portions of Patent-Holder's Deposition). The Court has reviewed the attachments containing these disclosures and finds that none of them included invalidity charts or other details required by LPR 1-8.


Order was issued to amend its contentions, Defendant then fails to explain what kept it from amending as a matter of right in the 30 days following entry of that Order, pursuant to LPR 1-18a.[9] Still, Defendant did not amend. Instead, Defendant waited until the disclosure of its expert report to demonstrate that it intended to rely on specific theories that were never properly disclosed. It then filed this Motion for Leave to Amend only *after* Plaintiff moved to strike those undisclosed theories from the Friedman Report—four months after entry of the Court's Claim Construction Order.

In sum, Defendant waited, at most, thirteen months (from the date of the USPTO reexamination request), or at the very least, four months (from the date of the Court's Claim Construction Order) to seek amendment. Courts have found lack of diligence with far less. *See, e.g., O2 Micro Int'l Ltd.*, 467 F.3d at 1368 (affirming district court finding that three-month delay in seeking amendment constituted lack of diligence); *Silver State*, 32 F. Supp. 3d at 1163 (waiting more than two months after issuance of claim construction order did not constitute diligence); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 541 (E.D. Tex. 2015) (waiting five months to seek leave to amend did not constitute diligence); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal 2011) (waiting four months to seek leave to amend did not constitute diligence); *Finisar Corp., v. The DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 902 (E.D. Tex. 2006) (same); *Mears Techs., Inc. v. Finisar Corp.*, No. 13-cv-376-JRG, 2014 WL 12605571, at *2 (E.D. Tex. Oct. 6, 2014) (no diligence when moving party waited more than 60 days after issuance of claim construction order and 32 days after the deadline to amend as of right).

---

[9] Defendant appears to contend that the 30-day window was insufficient time to supplement his contentions. He fails to explain why that is the case, particularly when he was aware of his Bonus Wheel contentions since at least October 2019. Further, the Local Patent Rules specifically prescribe the period during which a party may amend its contentions as of right following claim construction. In short, the drafters of the Rule determined that the 30-day allowance constitutes a meaningful opportunity. The Court will not question that determination here.

Appearing to concede the diligence argument until its reply,[10] Defendant contends that its various other discovery disclosures put Plaintiff on sufficient notice of its new contentions and therefore that it would be unjust to exclude the contentions now. Most of the disclosures Defendant points to in order to demonstrate notice—discovery responses containing Youtube links to Wheel of Fortune episodes, lines in letters to the Court evincing intent to rely on the Bonus Wheel generally, and lines of questioning during the patent-holder's deposition—do not provide the specificity of disclosure required by the Local Patent Rules, and therefore cannot have provided sufficient notice of Defendant's intended contentions. *See, e.g.*, *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at * 4 (N.D. Cal. Aug. 20, 2014) (failure to disclose under local patent rules warranted striking contentions, even where the information was contained in documents produced during discovery); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No C 11-1846-LHK, 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012) ("Even if disclosed somewhere, the parties have forced each other to comb through the extraordinarily voluminous record to find them, rather than simply amending their contentions or interrogatory responses as they should. This is unacceptable. Patent litigation is challenging and expensive enough without putting one party or the other to the task of sifting through mountains of data and transcripts to glean what is at issue.").

Defendant's primary argument concerning notice revolves around the USPTO reexamination request it filed in 2019, which includes some, *but not all*, of the theories in Friedman's Report and the proposed Amended Contentions.[11] Defendant explains that the USPTO is limited to considering only prior art patents or "printed publications" under 35 U.S.C. §§ 102 and 103, and contends that the USPTO declined to consider the Bonus Wheel as prior art only because it was not shown to be

---

[10] Defendant did not cite caselaw outlining the diligence requirement, nor argue diligence at all in its Motion for Leave to Amend Contentions. *See generally* ECF 103. In its reply, Defendant contends that diligence is simply not relevant, because it says all the information about the Bonus Wheel was already disclosed to Plaintiff. ECF No. 114 at 5. Defendant misses the point. The relevant question here is whether Defendant was diligent *in amending its contentions*, not whether it was diligent in providing piecemeal disclosures through other discovery. This District's Local Patent Rules require more than Rule 26 disclosures—it is not enough to allude to your theories and contentions in patent cases. You must disclose through contentions. "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *O2 Micro Int'l. Ltd.*, 467 F.3d at 1366.

[11] Indeed, Defendant raises brand new non-infringement contentions and invalidity contentions not contained in the USPTO report in his proposed Amended Contentions. As to those Contentions, the Court's analysis ends at the finding that Defendant was not diligent in amending them.

a *printed* publication.  Defendant argues that the District Court, however, is not limited to considering only "printed" publications.  So, Defendant reasons, Plaintiff should have known it would bring those same arguments before the Court, where video evidence of a publication may be sufficient.

But the USPTO's decision not to consider the Bonus Wheel in its reexamination is not as clear-cut as Defendant makes it out to be.  It its initial response to Defendant's request, the examiner goes to great lengths to explain that the request could not sufficiently show that the Bonus Wheel was published *prior to* the Plaintiff's Patent.  The examiner found that Defendant's request only attached YouTube video links and exhibits that either had no publication date, or had publication dates in 2012, 2018, and 2019, which came after the Plaintiff's Patent.  The examiner apparently chose not to consider the Bonus Wheel on that basis.  At least, that is how Plaintiff interprets the USPTO findings.  Plaintiff therefore contends that it could not have been on notice for contentions that were rejected by the USPTO because the Bonus Wheel was not prior art.  Plaintiff also notes that it is unaware of any discovery Defendant may have taken in this case to establish that the Bonus Wheel is indeed available prior art.

The Court will not attempt to interpret or second-guess the USPTO's decision.  The fact that there was any confusion among parties about the import of the USPTO ruling[12] should have provided even more incentive to Defendant to amend his invalidity contentions and clarify those contentions

---

[12] Indeed, Defendant knew of Plaintiff's alternative reading by at least April 3, 2020, when Defendant filed an objection to Plaintiff's letter informing the Court of the USPTO's decision.  *See* ECF No. 79.

upon which he still intended to rely. This "notice" is not clear enough to excuse Defendant from its disclosure requirements.[13]

Because the Court finds Defendant was not diligent in amending its Contentions, the Court need not consider prejudice to Plaintiff. *See Life Tech.*, 2012 WL 4097740, at *3 (finding that defendant's failure to demonstrate reasonable diligence "is fatal to defendant's [prejudice] arguments because unless reasonable diligence has been found, prejudice need not be considered in failures to comply with local patent rules"). But, in the interest of being thorough, the Court also finds that Plaintiff would suffer prejudice if Defendant were granted leave amend its contentions this late in the litigation. Defendant does not only raise those contentions raised before the USPTO in its proposed amended contentions, it adds claims about the Bonus Wheel that were not before the USPTO, as well as new non-infringement positions.[14] Allowing amendment this late in the game, after claim construction and the close of fact discovery, would prejudice Plaintiff's ability to litigate this case. *See generally*, *Allure*, 84 F. Supp. 3d at 542 (finding prejudice where movant sought to amend after "all crucial pre-Markman deadlines had passed" and the parties had exchanged proposed claim constructions and filed opening claim construction briefs); *MorphoTrust USA, LLC v. United States*, 132 Fed. Cl. 419, 421 (2017) (finding prejudice when plaintiff had "staked out comprehensive positions with respect to claim construction without the understanding that defendants would

---

[13] The cases Defendant cites in his notice argument are distinguishable from this case. In *Finjan, Inc. v. Symantec Corp.*, initial contentions contained most of the information needed for the opposing party to be put on notice of a particular piece of a particular claim disclosed later. *Finjan, Inc.*, No. 14-cv-02998-HSG, 2018 WL 620156, at *7 (N.D. Cal. Jan. 30, 2018). Here, Defendant's Contentions contained *no reference* to the Bonus Wheel and therefore could not have put Plaintiff on notice. In *Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC,* defendant's initial contentions contained enough information to put plaintiff on notice of a slight variation on a claim contained in an expert report. *Simpson*, 411 F. Supp. 3d 975, 990 (N.D. Cal. 2019). Again, that is not the case here. In *Fresenius*, the defendant did not amend his contentions, but (1) learned of new theories and prior art after serving final contentions; (2) informed plaintiff of the new evidence and which claims it believed would be affected; (3) served supplemental discovery responses that included claim charts showing, on an element-by-element basis, how the new prior art anticipated each and every asserted claim; (4) incorporated by reference its USPTO request for reexamination; and then (5) included the prior art in expert opinions. *Fresenius,* 2006 WL 1329997, at *7. The court in *Fresenius* also noted that the parties had already "engaged in extensive discovery pertaining to this affirmative defense," and finds that, because of all of the above, "the Patent Local Rules' underlying goals of full and timely discovery and adequate notice have not been thwarted." *Id.* Here, while Defendant did file a USPTO request and provide pieces of discovery related to the Bonus Wheel, the Court finds that it did not disclose with the clarity and specificity required to satisfy the Rules' "underlying goals of full and timely discovery and adequate notice." *Id.*

[14] Specifically, Plaintiff points out that Defendant previously conceded the presence of "a stationary based for establishing a generally vertical central axis" and "radially outermost stop" that it now seeks to dispute. *Compare* ECF No. 99-4 at 7 *with* ECF No. 102-1 at 3–4.

challenge several additional terms as indefinite"); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co. Ltd.*, No. 14-cv-371, 2016 WL 3854700, at *2 (E.D. Tex. Mar. 28, 2016) ("It is clear that amendments to invalidity contentions after parties have disclosed and argued for their claim construction positions is prejudicial.").

Finally, Defendant urges the Court to use its discretion to excuse its noncompliance. Defendant claims that denying its Motion to Amend and striking its expert opinions about the Bonus Wheel prior art will likely be case-dispositive as Defendant believes its new contentions render Plaintiff's Patent invalid (and argues as much in its Motion for Summary Judgment). Defendant cites one patent case and numerous non-patent cases[15] to support the notion that Courts prefer decisions to be made on the merits, and therefore argues that this Court should grant its Motion for Leave to Amend to prevent prejudice to Defendant's claims. While it is generally true that Courts prefer merits-based decisions, the Local Patent Rules intentionally strike a balance different than that of the average civil case. To allow Defendant to blatantly disregard clearly stated rules would generally upset the purpose and function of the District's Local Patent Rules. Defendant has not convinced the court of its diligence, nor its success in otherwise notifying Plaintiff of its intended reliance on the Bonus Wheel. Therefore, Defendant's Motion for Leave to Amend its Contentions is denied.

        B.     <u>Plaintiff's Motion to Strike the Friedman Report in its entirety is granted</u>.

For much the same reasons that the Court denies Defendant's Motion for Leave to Amend, it grants Plaintiff's Motion to Strike the Friedman Report in its entirety. The Court cannot find, and Defendant does not point out, any portion of the Friedman Report that does not, at least in part, rely on theories not previously disclosed in Defendant's Contentions. Therefore, any references to, and opinions relying on, the Bonus Wheel must be stricken. Further, Friedman opines on the Patent's invalidity for lack of written description, enablement, and indefiniteness. Defendant appears to

---

[15] *See* ECF No. 103 at 5 (citing *Carreon v. Smith's Food & Drug Stores*, No. 18-cv-01933-APG-NJK, 2019 WL 3716895, at *3 (D. Nev. Aug. 6, 2019) (slip-and-fall case); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (same); *Jones v. Wal-Mart Stores, Inc.*, No. 15-cv-1454-LDG-GWF, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016) (same)); *see also* ECF No. 103 at 4 (citing *Simo Holdings Inc. v. Hong Knog uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) (patent case, but from a district with local patent rules that do not differ from Federal Rule of Civil Procedure 26 disclosure requirements).

abandon any intent to rely on those theories as they were not included in its proposed amended contentions.[16] Those will also be stricken. Further still, the portion of the Friedman Report discussing the construction of the term "singulate" must also be stricken. Defendant did not dispute that term in the many briefing opportunities leading up to the *Markman* Hearing and the Claim Construction Order, and he may not do so now through an expert report.

Accordingly, the only substantive portions left of the Friedman Report are the description of the asserted patent, the file history, and background of the technology. With no expert *opinions* left, the Court sees no reason to save those portions. The Court therefore strikes the Friedman Report in its entirety.

**IV.    ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Leave to Amend (ECF No. 103) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Stacy Friedman's Expert Report (ECF No. 99) is GRANTED.

Dated this 22nd day of April, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[16] *See also* ECF No. 114 at 5 ("Any other invalidity-style opinions offered by Mr. Friedman are not being relief on by [Defendant] in this case, and were included by Mr. Friedman to be comprehensive and by way of background.")

14