Tyler R. Andrews, Esq.
Nevada Bar No. 09499
Jerrell L. Berrios, Esq.
Nevada Bar No. 15504
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Tyler.Andrews@gtlaw.com
berriosj@gtlaw.com

Rob L. Phillips, Esq.
Nevada Bar No. 8225
FISHER BROYLES, LLP
145 S. Fairfax, 2nd Floor
Los Angeles, California  90036
Telephone:  (702) 518-1239
Rob.Phillips@fisherbroyles.com

Matthew J. Levinstein
(admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone:  (312) 456.1039
Facsimile:   (312) 456.8435
levinsteinm@gtlaw.com

*Counsel for Defendant/Counterclaimant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| INAG, INC., a Nevada corporation,<br><br>and<br><br>MARK H. JONES and SHERYLE L. JONES as Trustees of the Mark Hamilton Jones and Sheryle Lynn Jones Family Trust U/A/D November 7, 2013,<br><br>            Plaintiffs/Counterdefendants,<br><br>    v.<br><br>RICHAR, INC., a Nevada corporation,<br><br>            Defendant/Counterclaimant. | CASE NO. 2:16-cv-00722-RFB-EJY<br><br>**MOTION TO SEAL EX. 3 TO DEFENDANT / COUNTERCLAIMANT RICHAR, INC.'S EMERGENCY MOTION TO STRIKE ANY UNDISCLOSED TESTIMONY, ARGUMENT, OR OPINION RELATING TO THE DISPUTED TERM CARD** |

Page 1

ACTIVE 700779473v1

Defendant/Counterclaimant, Richar, Inc. ("Richar"), moves to seal Exhibit 3 in its Emergency Motion to Strike Any Testimony, Argument or Opinion Relating to Whether an Indicia is a Card ("Motion"). Exhibit 3 is Plaintiff INAG, Inc.'s ("INAG") expert report, which is a voluminous exhibit containing confidential commercial information and financial data, and it references documents that were designated by the parties as confidential under a Protective Order. Pursuant to LR IA 10-5, Richar seeks to file Exhibit 3 to its Motion under seal.

## I.   LEGAL ANALYSIS

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, "[a] party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Yet, the presumption does not apply to judicial records filed under seal when attached to a non-dispositive motion. *Id.* Instead, a particularized showing of "good cause" under Rule 26(c) is sufficient to preserve the secrecy of sealed documents attached to non-dispositive motions. *Id.* Even under a higher burden of overcoming the strong presumption of access, Nevada courts have found that exhibits containing "confidential business information," including those which "could potentially damage the parties' competitive standing" constitutes a compelling reason for sealing a document. *See, e.g.*, *Hunt v. Zuffa*, LLC, 528 F. Supp. 3d 1180, 1188 (D. Nev. 2021); *First 100 LLC v. Omni Financial, LLC*, No. 2:16-cv-00099-RFB-CWH, 2016 WL 5661916, at *1 (D. Nev. Sept. 29, 2016); *Boca Park Marketplace Syndications Group, LLC v. Ross Dress for Less, Inc.*, No. 2:16-cv-01197-RFB-BNW, 2020 WL 2892586, at *5 (D. Nev. May 31, 2010); *Scientific Games Corp. v. AGS, LLC*, No. 2:17-cv-00343-JAD-NJK, 2017 WL 1228412, at *2 (D. Nev. Apr. 3, 2017).

Here, the lesser "good cause" standard applies because the Motion is a non-dispositive motion relating to the presentation of certain evidence at trial. Richar seeks to seal Exhibit 3 to its Motion in its entirety. Exhibit 3 is INAG's expert report relating to its infringement contentions, and it references a voluminous amount of confidential business information that the parties designated as "confidential" that could damage the parties' competitive standing if leaked.

ACTIVE 700779473v1

Because the exhibit contains confidential business information, good cause exists to protect the parties' competitive standing.

## II. CONCLUSION

The Court should grant Richar's Motion to Seal because Exhibit 3 to its motion contains contain confidential commercial information, the disclosure of which could harm the parties' competitive standing.

DATED this 4th day of August, 2024.

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Tyler R. Andrews*
Tyler R. Andrews, Esq. (NBN 9499)
Jerrell L. Berrios, Esq. (NBN 15504)
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

Rob L. Phillips, Esq. (NBN 8225)
FISHER BROYLES, LLP
145 S. Fairfax, 2nd Floor
Los Angeles, California 90036

Matthew J. Levinstein (pro hac vice)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

**Counsel for Defendant/Counterclaimant**

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Date: August 6, 2024

Page 3

ACTIVE 700779473v1