UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INAG, INC. *et al*,<br><br>                    Plaintiff,<br><br>         v.<br><br>RICHAR, INC.<br><br>                    Defendant. | Case No. 2:16-cv-00722-RFB-EJY<br><br>**ORDER** |

## I.     INTRODUCTION

Before the Court is Plaintiffs' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial. ECF Nos. 270, 271.

## II.    PROCEDURAL HISTORY

On March 31, 2016, Plaintiffs filed their complaint. ECF No. 1. On June 8, 2016, Defendant filed suit in this Court against Plaintiffs, alleging that the patent at issue was invalid. See 2:16-cv-01282-RCJ-CWH. On June 27, 2016, Plaintiffs amended their complaint and demanded a jury trial. ECF No. 5. In the Amended Complaint Plaintiffs alleged that Defendant was engaging in Patent Infringement of the '853 Patent. On August 16, 2016, this Court consolidated the two cases under the instant case number. ECF Nos. 11, 16. Defendant filed an answer the same day, alleging that the '853 Patent is void, invalid and unenforceable and raising a defamation claim. ECF No. 13.

This case went to trial for five days from August 5, 2024, to August 9, 2024. The jury found for Defendant RICHAR, Inc. as to all claims contained in the complaint. Additionally, the jury

found for Counter-Defendants INAG, Inc., Mark H. Jones, and Sheryle L. Jones as to all Counterclaims. Neither Party received a monetary award. On February 5, 2025, Plaintiffs filed a Motion for Judgment as a Matter of Law and a Motion for a New Trial. ECF Nos. 270, 271.

### III. DISCUSSION

**A. Renewed Motion for Judgment as a Matter of Law**

Plaintiff moves to overturn the jury's verdict and for judgment as a matter of law regarding their claim that Defendants both directly and indirectly infringed on U.S. Patent No. 7,699,853 ("853 Patent"). Plaintiff argues that Defendants infringed on the 853 Patent through the making, using, promoting, leasing, and selling of Defendant's roulette-style game, Richer Roulette ("Roulette").  Defendants argue that Plaintiffs' motion does not meet the standard required for relief under FRCP Rule 50 because substantial adequate evidence exists to support the jury's verdict. The 853 Patent consists of 24 Claims, four of which were disputed in the instant litigation, claims 1, 10, 16, and 17. At trial, the two limitations primarily in dispute were the "trays" limitation and the "cards limitation."

a. Legal Standard

A renewed motion for judgment as a matter of law is properly granted when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Primos, Inc. v. Hunter's Specialties, Inc., 451 F.3d 841, 847 (Fed. Cir. 2006). A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion. Castro v. Cty. of L.A., 833 F.3d 1060, 1066 (9th Cir. 2016) (quoting Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002)) (quotations omitted). A Court will not disturb a verdict if it is supported by substantial evidence. Lytle v. Carl, 382 F.3d 978, 981 (9th Cir. 2004).

To prove direct infringement, "the plaintiff must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device" either [i] literally or [ii] under the Doctrine of Equivalents. Cross Med. Prods., Inc. v. Medtronic Sofarmor Danek, Inc., 424 F.3d 1293, 1310 (Fed. Cir. 2005). Under the Doctrine of Equivalents, an accused device may

infringe a claim when "there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner–Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997). Infringement may be found under the doctrine of equivalents "when, absent estoppel, every limitation of the asserted claim, or its equivalent, is found in the accused subject matter, the latter differs from what is literally claimed only insubstantially, and it performs substantially the same function in substantially the same way to achieve substantially the same result. Wright Medical Tech., Inc. v. Osteonics Corp., 122 F.3d 1440, 1444 (Fed. Cir. 1997) (citations omitted).

b. Discussion

Plaintiff argues that the only conclusion a reasonable jury could have reached based on the evidence presented at trial is that Roulette meets every limitation of the patent infringement claims asserted. Defendants assert that adequate evidence supports the jury's finding that Roulette did not infringe directly or indirectly on the 853 Patent literally or under the doctrine of equivalents. The Court finds that sufficient evidence was adduced at trial to support the jury's verdict.

### 1. Trays Limitation

The Court's claim construction defined Tray/Trays as "a semi enclosed receptacle sized to receive and hold a card." When reaching its construction, the Court relied on intrinsic evidence during the patent prosecution history to find that the novelty of the semi enclosed receptacle was the radially outermost stop integrated into the tray receptacle. At trial, Parties disputed whether the radially outermost stop on Roulette prevented cards from exiting the tray while the game was played. Plaintiff contends that the testimony at trial established that the cards do not exit the trays when Roulette is operated according to its normal and intended use. Defendants argue that the evidence presented at trial supports a finding that Roulette lacks trays with a radially outermost stop which allowed for cards to exit the trays during Roulette games.

At trial the jury was presented with evidence and testimony regarding the Roulette trays that supports its finding. Defendants' witness Richar Fitoussi, the creator of Roulette, testified that at times when he spun the Roulette wheel cards would fly out the trays due to centrifugal forces. The Court finds that viewed in the light most favorable to Defendants, the evidence presented

regarding the Trays Limitation supports the jury's verdict. Castro v. Cty. of L.A., 833 F.3d 1060, 1066 (9th Cir. 2016).

Additionally, the Court agrees with Defendants' argument that the Trays Limitation does not literally read onto an element of Roulette because Roulette lacks the outermost stop that prevents tiles from exiting the trays while the game is being played. Furthermore, the Court finds that sufficient evidence was presented demonstrating that Roulette does not meet the Trays Limitation under the doctrine of equivalents. At trial Defendants demonstrated that the Roulette pockets Plaintiff allege infringes on the 853 Patent do not have the same function or preform the same way to achieve the same results for substantially similar reasons as the trays on Plaintiff's MCR game.  Thus, the Court finds that sufficient evidence was provided at trial to support the jury's verdict that Roulette did not directly infringe on the 853 Patent. Accordingly, because adequate evidence supports the jury's finding that there was no direct infringement of the 853 Patent, adequate evidence supports the jury's finding that there was no contributory infringement. Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1320 (Fed. Cir. 2009) (finding that to succeed on a claim of contributory infringement, a movant must prove an act of direct infringement and must show that that the alleged violator of a patent knew that the combination for which its components were especially made was both patented and infringing, and that their components have no substantial non-infringing uses.)

### 2.  Cards Limitation

The Court's claim construction defined Card/Cards as "a flat stiff usually small rectangular piece or material (such as paper, cardboard, or plastic) usually bearing information." Plaintiff argues that the evidence presented at trial demonstrated that Roulette includes cards as defined by the Court. Defendants contend that the witness testimony and evidence at trial supports the jury's verdict. The Court finds that there was sufficient evidence presented to the jury to support their finding that Roulette did not use cards.

During trial Mark Nicely, Plaintiff's casino gaming expert witness, testified that he had never inspected the Roulette tile at issue which prevented him from opining on whether the sticker component of the tile was stiff enough to meet the Court's construction of a card. Additionally,

Defendant's patent expert, Stacy Friedman testified that the sticker portion of the Roulette tile would not meet the Court's definition of a card because it was not stiff enough. Ms. Friedman further testified that the entire Roulette tile would not meet the Court's construction of card because it was not flat. Accordingly, when viewed in the light most favorable to Defendants, the Court finds that adequate evidence from both parties shows that the jury's finding that the Roulette sticker and tile did not meet the Court's construction of a card.

Testimony from both Parties' expert witnesses support the jury's finding that there was no direct infringement. First, Mr. Nicely's inability to testify regarding the sticker component of the card's stiffness and Ms. Friedman's testimony that the sticker was not stiff enough to meet the Court's construction of a card support the jury's finding that Roulette's tile did not literally infringe on the 853 Patent.

Next, under the doctrine of equivalents the jury's finding that there was no substantial equivalence between the elements of the Roulette tile and the claimed elements of the MCR card was supported by adequate evidence presented at trial. Warner–Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997). Accordingly, the jury's finding that there was no direct infringement related to this claim precludes a finding of contributory infringement. Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1320 (Fed. Cir. 2009). Thus, when viewed in a light most favorable to Defendants, adequate evidence supports the jury's finding that the Roulette sticker and tile did not infringe on the 853 Patent.

### 3. Divided Infringement

Plaintiff contends that Roulette infringes on claim 16 because Defendants exercise direct control over its casino customers and their operation of the game. Plaintiff asserts that at trial adequate evidence was presented showing that Defendants' licensing agreements require casino operators to comply with instructions mandating casino operators assist players in placing bets on the betting layout during the operation of Roulette. Defendants argue that adequate evidence supports the jury's finding that the factors necessary to prove divided infringement were not met.

An actor is liable for patent infringement under 35 U.S.C.S. § 271(a) if its acts through an agent or contracts with another to perform one or more steps of a claimed method. Liability under

1   § 271(a) can also be found when an alleged infringer conditions participation in an activity or
2   receipt of a benefit upon performance of a step or steps of a patented method and establishes the
3   manner or timing of that performance. In those instances, the third party's actions are attributed to
4   the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct
5   infringement. Whether a single actor directed or controlled the acts of one or more third parties is
6   a question of fact. Akamai Techs., Inc. v. Limelight Networks, Inc., 797 F.3d 1020, 1022 (Fed.
7   Cir. 2015).

8   At trial, the jury was presented with testimony from Mr. Fitoussi, the creator of Roulette
9   and the licensing agreements that were entered into by the casinos where Roulette was featured.
10  Mr. Fitoussi testified that Roulette did not make forecasts on the outcome of the game and did not
11  direct operators of the games to take such actions. Plaintiff argues that Defendants exercised direct
12  control over the operation of Roulette via the licensing agreement. The jury considered the
13  testimony and evidence presented and found in favor of the Defendants. Viewing the evidence in
14  the light most favorable to Defendants and giving Defendants the benefit of all reasonable
15  inferences, there is sufficient evidence to support the jury's verdict. Catalina Lighting v. Lamps
16  Plus, 295 F.3d 1277 (Fed. Cir. 2002).

### 4. Dependent Claims

The Federal Circuit has held that dependent claims cannot be infringed unless the independent claims from which they depend on are also infringed. Streamfeeder, LLC v. Sure-Feed Sys., 175 F.3d 974, 984 (Fed. Cir. 1999) (holding that if an accused infringer does not infringe an independent claim, it cannot infringe claims that depend on that independent claim). Thus, because the jury's finding that Roulette did not infringe on independent claims 1 and 16 is adequately supported by substantial evidence, the jury's finding that Roulette did not infringe on dependent claims 10 and 17 is also adequately supported by substantial evidence.

A district court should grant Judgment as a Matter of Law ("JMOL") sparingly, and only if when viewing the evidence in the light most favorable to the nonmovant there is insufficient evidence from which a jury could reasonably find liability. To prevail on a renewed motion for JOML following a jury trial, a party must show that the jury's findings, presumed or express, are

not supported by substantial evidence. Glaxosmithkline LLC v. Teva Pharms. USA, Inc., 7 F.4th 1320, 1323 (Fed. Cir. 2021). In this instance, the Court finds that the jury's verdict is supported by substantial evidence. Thus, the Court denies Plaintiffs' motion for JOML.

### B. Motion for a New Trial

Plaintiff argues that they are entitled to a new trial because the clear weight of the evidence shows that Defendants made misrepresentations about the damages they would request at trial. Plaintiff contends that Defendants misled the Court by initially stating they would not present the jury with a numerical determination regarding their damages, then requesting the same amount in damages as Plaintiff in their closing argument.

a) Legal Standard

Federal Rule of Civil Procedure 59 allows a district court to "grant a [party's motion for a] new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980)).

Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted . . . . [courts] are thus bound by those grounds that have been historically recognized." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Such historical grounds include claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving[.]" Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); see also Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000). "[E]rroneous jury instructions, as well as the failure to give adequate instructions, are also bases for a new trial." Murphy, 914 F.2d at 187. In general, a court should grant a new trial only when the judge "is left with the definite and firm conviction that a mistake has been committed." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987) (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND

Procedure: Civil § 2806, at 49 (1973)).

b) <u>Discussion</u>

Plaintiff argues that Defendants misrepresented their damage theory and Defendants' misconduct warrants a new trial. Defendants argue that there was nothing egregious about their mention of a numerical amount in damages requested in their closing argument. The Court agrees with Defendants and does not find that their conduct was reprehensible such that a new trial is warranted.

Before the commencement of trial, the Parties exchanged interrogatories. Plaintiff's Interrogatory No. 5 requested Defendants identify and describe any harm purportedly suffered including alleged lost sales and/or installations of Roulette as well as any alleged reputational harm Defendants attributed to Plaintiff. Defendants generally objected to the interrogatory on the grounds that it was overly broad and impermissibly compound. Additionally, Defendants stated that they had suffered a loss of business reputation which led to a significant loss of prospective sales and license agreements for Roulette. Furthermore, Defendants named the casinos where they faced losses of prospective business agreements. Defendants did not provide a numerical amount in damages they planned to request at trial.

On the first day of trial Defendants made representations to the Court that they would ask the jury to decide on Defendants' damages award based on the jury's conscience. Defendants said they were not going to testify to a specific numerical damages award. During their closing arguments Defendants detoured from the course of action previously communicated to the Court and requested that the jury award them $1,639,145 in damages, the same amount in damages Plaintiff sought. Subsequently, Plaintiff objected to Defendants request for a numerical amount in damages stating that Defendants' request was inflammatory and prejudicial to Plaintiff. Ultimately, the jury returned a verdict in favor of neither Party with respect to a monetary award.

### 1. *Disclosure Requirement*

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(iii) parties seeking damages are required to disclose a computation of each category of damages claimed as well as the documents or other evidentiary material, unless privileged or protected from disclosure, on which each

1  computation is based in their initial disclosures. MLC Intellectual Prop., LLC v. Micron Tech.,
2  Inc., 10 F.4th 1358, 1371 (Fed. Cir. 2021). Rule 26(e) requires that parties timely supplement their
3  disclosures over the course of the case. (see Fed. R. Civ. P. 26(e)). Rule 37(c)(1) states that a
4  party's failure to provide the information required by Rule 26(a) means the party may not use that
5  information at trial "unless the failure is substantially justified or is harmless." Green Edge Enters.,
6  LLC v. Rubber Mulch etc., LLC, 620 F.3d 1287, 1293-1294 (Fed. Cir. 2010). "General damages
7  are those that are awarded for "loss of reputation, shame, mortification and hurt feelings." Nevada
8  Indep. Broadcasting Corp. v. Allen, 99 Nev. 404, 417 (1983) (citation omitted). General damages
9  are presumed upon proof of the defamation alone because that proof establishes that there was an
10 injury that damaged a parties' reputation. Bongiovi v. Sullivan, 122 Nev. 556, 577 (2006).

11       Defendants argue that their damages theory throughout this litigation with respect to their
12 counterclaim for defamation was based on presumed damages. Plaintiff contends that although
13 Defendant relied on a theory of presumed damages, their conduct was prejudicial because they
14 introduced a monetary value to the jury after representing that they would not seek a specific
15 amount in damages.

16       As an initial matter, the Court finds that based on their theory of presumed damages,
17 Defendants disclosed sufficient information to comply with Federal Rule of Civil Procedure 26(a).
18 In their answer to Plaintiff's Interrogatory No. 5., Defendants articulated the type of harm they
19 faced and named over five casinos where they faced a loss of prospective business agreements as
20 a result of Plaintiff's alleged defamatory actions. While Defendants did not provide a specific
21 computation, under Nevada law it was not required because Defendants sought presumed damages
22 based on competent evidence. Nevada Indep. Broadcasting Corp. v. Allen, 99 Nev. 404, 417
23 (1983) (citation omitted). Furthermore, there was sufficient evidence produced at trial to support
24 Defendants' defamation counterclaim. At trial, Defendant Mr. Fitoussi testified that various casino
25 operators ceased their business dealings with him because of the alleged defamatory statements
26 made by Plaintiff.

27       Additionally, the Court finds that Defendants mention of a monetary value related to their
28 damages request was not prejudicial such that it warrants a new trial. Hemmings v. Tidyman's Inc.,

285 F.3d 1174, 1192 (9th Cir. 2002) (citing Kehr v. Smith Barney, 736 F.2d 1283, 1286 (9th Cir. 1994) (holding that misconduct by trial counsel results in a new trial if the flavor of misconduct sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict).

### *2. Prejudicial Conduct*

Plaintiff argues that Defendants conduct was so egregious that it caused the jury to erroneously equate Defendants' counterclaims with Plaintiff's patent infringement claims. Defendants contend that their mention of a monetary value related to their damages request was an isolated statement that did not prejudice Plaintiff such that it permeated the trial.

First, Defendants contend that even if their request for a specific amount in damages was improper, the jury instructions would have cured any potential prejudice. Plaintiff argues that Defendants misconduct was so severe that the prejudice it created could not have been cured by jury instructions.

The Ninth Circuit and Supreme Court recognize a rebuttable presumption that juries follow jury instructions. Dan Farr Prods. v. United States Dist. Court, 874 F.3d 590, 595 (9th Cir. 2017) (see Harris v. Rivera, 454 U.S. 339, 346, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981)). At trial the Court provided the jury with 37 Jury Instructions which were read aloud to the jury and provided for their reference during deliberations. Jury Instruction number 1 read in relevant part, "It is your duty to weigh and evaluate all the evidence received in the case and, in that process to decide the facts. It is also your duty to apply the law as I give it to you and the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law." Additionally, Jury Instruction number 25 explicitly informed jurors that statements and arguments of the attorneys "are not evidence." Plaintiff does not provide support for their contention that the jury was somehow unable to understand or apply the Jury Instructions they were provided to the facts and evidence in this case. Accordingly, the Court agrees with Defendants and presumes that the jurors followed the instructions provided.

Next, Plaintiff asserts that Defendants request for $1,639,145 in damages was not an isolated comment because it was made in Defendants closing argument. Furthermore, Plaintiff

contends that Defendants selected the same monetary value of damages as Plaintiff in an effort to confuse the jury. Defendants argue that the mention of the monetary value was an isolated statement that was only made once throughout the entirety of the five-day trial and does not rise to prejudicial conduct.

The Ninth Circuit has held that remarks made principally during opening statements or closing arguments, rather than throughout the course of a trial qualify as isolated remarks. Kehr v. Smith Barney, Harris Upham & Co., 736 F.2d 1283, 1286 (9th Cir. 1984). To warrant the grant of a Motion for a New Trial on the grounds of attorney misconduct, the "flavor of misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict. Id (citing Standard Oil Co. of California v. Perkins, 347 F.2d 379, 388 (9th Cir. 1965)).

In this instance, the Court finds that Defendants' mention of the damages award they sought during their closing arguments were isolated remarks that did not prejudice the trial such that a new trial is warranted. Accordingly, the Court denies Plaintiff's Motion for a New Trial.

### C. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' [270] Motion for Judgment as a Matter of Law is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' [271] Motion for a New Trial is **DENIED**.

**DATED:** September 30, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**